UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANDRE KEITH JOHNSON,

    Plaintiff,

v.

MT. HEALTHY POLICE,

    Defendant.

Case No. 1:25-cv-440

McFarland, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

By separate Order issued this date, Plaintiff Andre Johnson has been conditionally granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The complaint is now before the Court for a *sua sponte* review to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, the undersigned recommends that the complaint be dismissed.

**I. General Screening Authority**

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the

defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010)("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept

all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

## II. The Allegations of Plaintiff's Complaint

Plaintiff has tendered his complaint on a standard form used by pro se litigants to allege civil rights violations. As the defendant, he names only the "Mt. Healthy Police." Plaintiff alleges subject matter jurisdiction exists under 28 U.S.C. § 1343(3) based on the alleged violations of his civil rights. *See generally* 42 U.S.C. § 1983. (Doc. 1-1, PageID 5). In his handwritten "Statement of Claim," plaintiff includes the following single-sentence allegation:

> March 16 2025 at White Casle [sic] Mt Healthy Police and Springfield came in and took me off the Toilet ass naked infected me with needles of something assa[u]lted me and tried to put something in my ass and they've threaten[ed] to kill me.

(Doc. 1-1, PageID 6.) As relief, Plaintiff states simply: "I want protection." (*Id.*, PageID 7.)

## III. Analysis

Plaintiff's complaint should be dismissed because it is "wholly incredible." In addition, Plaintiff appears to be suing the Village of Mt. Healthy Police Department, which is not *sui juris* and is incapable of being sued. *See Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014); (finding that "under Ohio law, a county sheriff's office is

3

not a legal entity that is capable of being sued") (citations omitted); *Taylor v. Ross*, No. 1:21-cv-600, 2021 U.S. Dist. LEXIS 166470, 2021 WL 3930366, at *2 (N.D. Ohio Sep. 2, 2021) (finding Akron Police Department not *sui juris*); *Struckman v. Vill. of Lockland Police*, No. 1:17-cv-828, 2018 WL 4635981, at *3 (S.D. Ohio Sept. 27, 2018), *report and recommendation adopted*, No. 1:17-cv-828, 2018 WL 6069092 (S.D. Ohio Nov. 20, 2018). If Plaintiff intended to sue the Village of Mt. Healthy instead, he would have had to allege facts showing that a municipal "policy or custom" was the "moving force" behind any alleged violation of his constitutional rights. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694-95 (1978). "It is firmly established that a municipality, or ... a county, cannot be held liable under § 1983 for an injury inflicted solely by its employees or agents." *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000) (citing *Monell*, 436 U.S. at 694). Last, Plaintiff appears to seek a type of injunctive relief that this Court has no power to grant – to provide some type of broad and undefined "protection" to Plaintiff from further threat from the Defendant over an undefined period of time.

In short, Plaintiff's allegations consist of a conclusory and implausible accusation that does not withstand analysis under the minimal pleading standards established by *Iqbal* and *Twombly*. Therefore, Plaintiff fails to state any viable claim under federal law. Because the complaint fails to state a claim upon which relief may be granted, it should be dismissed under 28 U.S.C. §1915(e)(2)(B).

### III. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED THAT:**

1. This case be **DISMISSED with prejudice** under 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted;

2. The Court should certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore should deny Plaintiff leave to appeal *in forma pauperis*;

                                             *s/Stephanie K. Bowman*
                                             Stephanie K. Bowman
                                             United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ANDRE KEITH JOHNSON, | Case No. 1:25-cv-440 |
| Plaintiff, | McFarland, J. |
| | Bowman, M.J. |
| v. | |
| MT. HEALTHY POLICE, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).